NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO GABRIEL ALVAREZ-MIRANDA, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No.    21-70214 <br><br> Agency No. A213-193-761 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2026**
Pasadena, California

Before:  FRIEDLAND and MILLER, Circuit Judges, and SCARSI,*** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Mark C. Scarsi, United States District Judge for the
Central District of California, sitting by designation.

Francisco Alvarez-Miranda, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals dismissing his appeal from an immigration judge's order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), *as amended*. Under the substantial-evidence standard, the agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Alvarez argues that he had a due-process right to appointed counsel in the proceedings below. We have authority to consider this issue even though it was not raised in the proceedings below. *See J.E.F.M. v. Lynch*, 837 F.3d 1026, 1038 (9th Cir. 2016). However, our precedent forecloses that argument. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018).

2. Alvarez's other due-process claims are not properly before us because he did not raise them before the Board. A court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *see Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024). The exhaustion requirement extends to "due process claims

2                                                          21-70214

based on correctable procedural errors," which we may not consider "unless the alien raised them below." *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002).

Alvarez contends that the immigration judge violated his due-process rights by failing to obtain a knowing and voluntary waiver of his right to counsel, failing to adequately explain the proceedings, and failing to develop the record. Those are all claims of procedural error that the Board could have addressed and corrected, so Alvarez was required to exhaust them. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (right to counsel); *Agyeman*, 296 F.3d at 877 (denial of a "full and fair hearing"). He concedes that he did not.

3. Alvarez's arguments related to the denial of his application for asylum and withholding of removal are also unexhausted and therefore unreviewable. Alvarez testified before the immigration judge that he was orphaned at an early age and lacks identifying documents, which has made it difficult to pursue education and employment in El Salvador. The immigration judge determined that this claim of de facto statelessness was insufficient to establish either past persecution or a well-founded fear of future persecution, and Alvarez did not challenge that determination in the notice of appeal he filed with the Board. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the [Board] generally constitutes a failure to exhaust . . . .").

3

4. Substantial evidence supports the denial of Alvarez's CAT claim. To qualify for CAT relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal," 8 C.F.R. § 1208.16(c)(2), and that the government would instigate, consent to, or acquiesce in his torture, *id.* § 1208.18(a)(1). Acquiescence "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7).

The Board found that Alvarez did not establish eligibility for CAT relief, noting the "speculative nature" of his claim and the "lack of evidence specifically attesting to any degree of state action." The record does not compel a contrary conclusion. Alvarez stated during his credible-fear interview that he was stopped by gang members who threatened to kill him if he did not join the gang, and that Salvadoran police are generally ineffective in responding to reports of violence. But "a general ineffectiveness on the government's part to investigate and prevent crime" is insufficient to show that the government would acquiesce in torture. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016), *as amended* (citing *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013), *as amended*).

Alvarez suggests that reporting gang violence to the police would have been futile because of his lack of identifying documents, explaining that police

threatened to arrest him in 2017 for failing to have an identification card. Despite that incident, however, Alvarez testified during his hearing before the immigration judge that he had never "had any issues with the police or the government in El Salvador." Alvarez also stated that he once heard from a friend that the police would hand people over to the gangs. This anecdotal, second-hand evidence that "on occasion some corrupt officials may turn a blind eye" to gang violence is likewise insufficient. *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022).

The motion for a stay of removal (Dkt. No. 1) is denied.

**PETITION DENIED.**